**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
David R. Norton, SBN 291448
Sabreen Noel Ben Salem, SBN 356358
2180 Harvard Street, Suite 500
Sacramento, California 95815
TEL: 916.929.1481
FAX: 916.927.3706
EMAIL: dnorton@porterscott.com
sbensalem@porterscott.com

Attorneys for Defendant MICHAEL REYNOLDS

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| JANET ROE, | Case No.: 2:25-cv-01070-JAM-JDP |
| Plaintiff, | **DEFENDANT MICHAEL REYNOLDS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL** |
| v. | |
| MICHAEL REYNOLDS (in his individual and official capacities), and PATRICK WITHROW (in his official capacity), | |
| Defendants. | Complaint Filed: April 10, 2025 |

Defendant MICHAEL REYNOLDS denies any allegations of the Complaint not specifically admitted herein. Defendant MICHAEL REYNOLDS answers the Complaint on file in this action as follows:

**SUMMARY**

1. Answering paragraphs 1-5, Defendant admits he was a sworn peace officer and is also a named Defendant in the case of Jane Doe v. County of San Joaquin, et al. (Case No. 2:24-cv-00899-CKD). This answering Defendant submits the remaining allegations contain legal arguments for which no response is necessary, but to the extent a response is deemed necessary, this answering Defendant generally and specifically denies the allegations.

## PARTIES

2. Answering paragraph 6, this answering Defendant admits that Plaintiff was a minor at the time of the allegations in this lawsuit. As to the remaining allegations, this answering Defendant submits that the remaining allegations are legal arguments for which no response is required, however if any such response is deemed required, this answering Defendant generally and specifically denies the allegations contained therein.

3. Answering paragraph 7, this answering Defendant admits the allegations contained in said paragraph.

4. Answering paragraph 8, this answering Defendant denies that he "engaged in conduct giving rise to liability." This answering Defendant admits he is a natural person and resides within the jurisdiction and venue of this Court.

5. Answering paragraph 9, this answering Defendant admits Patrick Withrow was the Sheriff for the San Joaquin Sheriff's Office during the relevant time period. This answering Defendant lacks sufficient information or knowledge to answer the remaining allegations and, basing his denial on that ground, generally and specifically denies the allegations contained therein.

6. Answering paragraph 10, this answering Defendant admits he was a deputy sheriff with the rank of Sergeant. This answering Defendant submits that the remaining allegations are legal arguments for which no response is required, however if any such response is deemed required, this answering Defendant generally and specifically denies the remaining allegations.

## JURISDICTION AND VENUE

7. Answering paragraphs 11-12, this answering Defendant admits jurisdiction is proper.

## ALLEGATIONS

8. Answering paragraph 13, this answering Defendant admits the allegations contained in said paragraph.

9. Answering paragraph 14, this answering Defendant submits that the allegations are legal arguments for which no response is required, however if any such response is deemed required, this answering Defendant generally and specifically denies the allegations.

10. Answering paragraph 15, this answering Defendant admits he was employed as a Sergeant

with the San Joaquin Sheriff's Office. This answering Defendant denies he was a Sergeant until approximately February 2023.

11. Answering paragraph 16, this answering Defendant denies he began communicating with Plaintiff in mid-2022. This answering Defendant admits the remaining allegations contained in said paragraph.

12. Answering paragraph 17, this answering Defendant generally and specifically denies the allegations contained in said paragraph.

13. Answering paragraph 18, this answering Defendant denies that he "initiated…inappropriate communications with Plaintiff." This answering Defendant admits the remaining allegations contained in said paragraph.

14. Answering paragraphs 19-21, this answering Defendant generally and specifically denies the allegations contained in said paragraphs.

15. Answering paragraph 22, this answering Defendant admits he told Plaintiff to download Signal. This answering Defendant lacks sufficient information or knowledge to respond to the remaining allegations, and on that basis, generally and specifically denies the remaining allegations.

16. Answering paragraph 23, this answering Defendant generally and specifically denies that he "used Plaintiff's prior trauma and vulnerabilities to manipulate her." This answering Defendant submits that the remaining allegations are vague and ambiguous and submits that the remaining allegations are legal arguments for which no response is required, however to the extent a response is deemed required, Defendant generally and specifically denies the remaining allegations.

17. Answering paragraphs 24-27, this answering Defendant submits that the allegations contained therein are legal arguments for which no response is required, however to the extent a response is deemed required, Defendant generally and specifically denies the allegations.

18. Answering paragraph 28, this answering Defendant admits he faced no criminal charges for any alleged conduct in this Complaint. This answering Defendant submits that the remaining allegations are legal arguments for which no response is required, however if any such response is deemed required, this answering Defendant generally and specifically denies the remaining allegations.

19. Answering paragraphs 29-32, this answering Defendant submits that the allegations in said

paragraphs are legal arguments for which no response is necessary, but to the extent a response is deemed necessary, this answering Defendant generally and specifically denies the allegations contained therein.

20. Answering paragraph 33, this answering Defendant admits that a San Joaquin County employee made a complaint of harassment against him in 2018 which was not substantiated. This answering Defendant lacks sufficient information or knowledge to respond to the remaining allegations contained in said paragraph, and on that basis, generally and specifically denies the remaining allegations.

21. Answering paragraph 34, this answering Defendant generally and specifically denies the allegations contained in said paragraph.

22. Answering paragraph 35, this answering Defendant lacks sufficient information or knowledge to respond to the allegations contained in said paragraph, and on that basis, generally and specifically denies the allegations.

23. Answering paragraph 36, this answering Defendant generally and specifically denies the allegations contained in said paragraph.

24. Answering paragraphs 37-42, this answering Defendant submits that the allegations in said paragraphs are legal arguments for which no response is necessary, but to the extent a response is deemed necessary, this answering Defendant generally and specifically denies the allegations contained therein.

## COUNTS

### Count 1

### VIOLATION OF SUBSTANTIVE DUE PROCESS RIGHTS – 42 USC § 1983

### BY PLAINTIFF AGAINST MICHAEL REYNOLDS

### (in his individual and official capacities)

25. Answering paragraph 43, this answering Defendant incorporates by reference as though fully set forth herein, his responses to paragraphs 1 – 42 above.

26. Answering paragraphs 44 – 81, this answering Defendant submits that the allegations in said paragraphs are legal arguments for which no response is necessary, but to the extent a response is deemed necessary, this answering Defendant generally and specifically denies the allegations contained therein.

/ / /

/ / /

## Count No. 2

### VIOLATION OF FOURTEENTH AMENDMENT – MONELL CLAIM – 42 USC § 1983 BY PLAINTIFF AGAINST PATRICK WITHROW (in his official capacity)

27. Answering paragraph 82, this answering Defendant incorporates by reference as though fully set forth herein, his responses to paragraphs 1 – 81 above.

28. Answering paragraphs 83 – 101, this answering Defendant submits that the allegations in said paragraphs are to support a claim for relief not directed at this answering Defendant, and therefore no response is necessary. Further, this answering Defendant submits that the allegations contained in said paragraphs are legal arguments for which no response is necessary. To the extent a response is deemed necessary to these paragraphs, this answering Defendant generally and specifically denies the allegations contained therein.

## Count No. 3[1]

### Violation of Cal. Fair Employment and Housing Act - Sexual Harassment - Cal. Gov. Code §§ 12923, 12940(j) - CACI 2521A BY PLAINTIFF AGAINST MICHAEL REYNOLDS, COUNTY OF SAN JOAQUIN, AND SAN JOAQUIN SHERIFF'S OFFICE

29. Answering paragraph 102, this answering Defendant incorporates by reference as though fully set forth herein, his responses to paragraphs 1 – 102 above.

30. Answering paragraphs 103-114, this answering Defendant submits that the allegations in said paragraphs are legal arguments for which no response is necessary, but to the extent a response is deemed necessary, this answering Defendant generally and specifically denies the allegations contained therein.

## PRAYER FOR RELIEF

Answering Plaintiff's prayer for relief, this answering Defendant denies that Plaintiff is entitled to the relief sought, or any relief at all.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in its entirety and through each separately stated claim for relief, fails to state facts

---

[1] This Count is mislabeled as Count No. 10 in the Complaint.

*{4930-6697-1980}*     5

**DEFENDANT MICHAEL REYNOLDS' ANSWER TO PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL**

sufficient to constitute a viable claim for relief against this answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in part and any damages are subject to reduction because Plaintiff failed to mitigate her damages, if any.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims against this answering Defendant are barred by the doctrines of waiver, estoppel, laches, and unclean hands.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims, in whole or in part, are barred by the applicable statutes of limitation.

## FIFTH AFFIRMATIVE DEFENSE

This answering Defendant has not deprived Plaintiff of any right, privilege, or immunity guaranteed by the Constitution or the laws of the United States.

## SIXTH AFFIRMATIVE DEFENSE

At all times mentioned herein, the actions of this answering Defendant were reasonable and taken in good faith and therefore this answering Defendant is entitled to qualified immunity.

## SEVENTH AFFIRMATIVE DEFENSE

This answering Defendant asserts that he did not act with malicious intent to deprive any person of any constitutional right or to cause injury and therefore is not liable.

Because the Complaint is couched in conclusory terms, this answering Defendant cannot fully anticipate all defenses that may be applicable to this action. Accordingly, this answering Defendant reserves the right to assert additional affirmative defenses.

## PRAYER FOR RELIEF

WHEREFORE, this answering Defendant prays for judgment as follows:

1. That Plaintiff takes nothing by way of her complaint and judgment be entered in favor of Defendant on all claims;

2. That this answering Defendant be awarded costs of suit;

3. That this answering Defendant be awarded attorneys' fees pursuant to statute; and

4. For such other relief as the Court may deem just and proper.

## **DEMAND FOR JURY TRIAL**

Defendant MICHAEL REYNOLDS hereby demands a trial by jury in the above-entitled action as provided by the Seventh Amendment to the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure.

Date: June 13, 2025

PORTER | SCOTT
A PROFESSIONAL CORPORATION

By  */s/ David R. Norton*
    David R. Norton
    Sabreen Noel Ben Salem
    Attorneys for Defendant