UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANET ROE,<br><br>            Plaintiff,<br><br>      v.<br><br>MICHAEL REYNOLDS (in his individual and official capacities), and PATRICK WITHROW (in his official capacity),<br><br>            Defendant. | No.  2:25-cv-01070-JAM-JDP<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS** |

INTRODUCTION OF CASE/PROCEDURAL HISTORY

   This case concerns the alleged grooming and sexual harassment of a minor by a San Joaquin County Deputy Sheriff, Sergeant Michael Reynolds.  Plaintiff Janet Roe alleges that Sgt. Reynolds has previously engaged in inappropriate sexual conduct with younger women and is currently accused of violent sexual misconduct in a related proceeding.  In addition to the claims against Sgt. Reynolds, Plaintiff Roe also asserts a Monell claim against Sheriff Patrick Withrow for failure to train, supervise, or discipline.  See Compl., Count 2.  Currently pending before

1

this Court is Sheriff Withrow's motion to dismiss. See Mot., ECF No. 7-1. Sheriff Withrow moves to dismiss Plaintiff's Monell claim for failure to state a claim and for being time-barred. Id. Plaintiff Roe submitted an opposition, Opp'n, ECF No. 11, and Withrow replied, Reply, ECF No. 12. For the reasons provided herein, the Court DENIES Defendant Sheriff Withrow's motion to dismiss.[1]

## I.   FACTUAL ALLEGATIONS

The following facts alleged by Plaintiff Roe are accepted as true for the purposes of Defendant's Rule 12(b)(6) motion. Defendant Michael Reynolds was employed with the San Joaquin Sheriff's Office until approximately February 2023 and used his position as a law enforcement officer to gain access to Plaintiff Roe, who was at the time a 16-year-old minor. Id. at ¶¶ 15, 20. Beginning in mid-2022, Defendant Reynolds engaged in sexually inappropriate conduct with Plaintiff Roe by sending sexually explicit images of himself while he was on duty, making sexually explicit comments to her, and asking invasive questions. Id. at ¶¶ 18-23. At all relevant times of the sexual misconduct, Patrick Withrow was the Sheriff of the San Joaquin Sheriff's Office and had the authority to set and enforce policies governing the terms and conditions of employment with the Sheriff's Office. Id. at ¶ 9.

The misconduct by Defendant Reynolds took place "contemporaneously" with Defendant Reynolds' sexual harassment and assault of a San Joaquin Sheriff's Office employee Jane Doe,

---

[1] This motion was determined to be suitable for decision without oral argument. E.D. Cal. L.R. 230(g). The hearing was scheduled for July 1, 2025.

2

"as documented in Case No. 2:24-cv-00899-CKD." Id. at ¶ 25. Also, in 2018, a female San Joaquin coroner employee complained of harassment by Reynolds in the form of him being "condescending and creating daily frustration, stress, and anxiety." Id. at ¶ 33. Despite being aware of Reynolds' misconduct, the San Joaquin Sheriff's Office and Sheriff Patrick Withrow allowed Reynolds to retire and failed to take any disciplinary actions or refer Reynolds for criminal prosecution. Id. at ¶¶ 28, 38. As a result of these incidents, Plaintiff Roe suffered severe emotional distress, psychological trauma, and ongoing harms. Id. at ¶ 29.

## II. OPINION

### A. Legal Standard

A complaint must make a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 545 (2007). A Rule 12(b)(6) motion challenges the sufficiency of a complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under the plausibility pleading standard set forth in Twombly, 550 U.S. at 570, a plaintiff survives a motion to dismiss by alleging "enough facts to state a claim to relief that is plausible on its face." The complaint must contain sufficient "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). This "plausibility standard," however, "asks for more than a sheer possibility that a defendant has acted unlawfully," Iqbal, 556 U.S. at 678, and "[w]here a complaint

3

pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" Id. (quoting Twombly, 550 U.S. at 557).

At the Rule 12(b)(6) stage, the Court must accept all nonconclusory factual allegations of the complaint as true and construe those facts and the reasonable inferences that follow from them in the light most favorable to the Plaintiff. See Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. Iqbal, 556 U.S. at 678-79 (2009). In the event dismissal is warranted, it is generally without prejudice, unless it is clear the complaint cannot be saved by any amendment. See Sparling v. Daou, 411 F.3d 1006, 1013 (9th Cir. 20

B. Analysis

1. Monell Claim Against Withrow (Count 2)

Sheriff Withrow contends that Plaintiff Roe has failed to allege sufficient facts to support her Monell claims. See Mot. at 3-7. Specifically, Withrow attacks Plaintiff's potential theories of liability under Monell, arguing that Plaintiff Roe cannot state claims for failure to train, discipline, or supervise because she cannot point to similar past incidents. Id. The Court disagrees.

A plaintiff may assert Monell liability against a public entity based on allegations of: (1) an official policy; (2) a "longstanding practice or custom which constitutes the standard operating procedure of the local government entity"; (3) the act

4

of an "official whose acts fairly represent official policy such that the challenged action constituted official policy"; or (4) where "an official with final policy-making authority 'delegated that authority to, or ratified the decision of, a subordinate.'" Price v. Sery, 513 F.3d 962, 966 (9th Cir. 2008) (citations omitted).

A local government unit may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability. See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997). Rather, a government entity is liable for deprivation of rights caused by its own official policies, customs, or practices. Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). For example, the failure to punish officers for misconduct can give rise to Monell liability. See Hunter v. County of Sacramento, 652 F.3d 1225, 1236 (9th Cir. 2011). As Plaintiff points out in her opposition at 4, this is aligned with the notion that inaction by supervisors in the face of unconstitutional behavior sanctions that behavior. See Scanlon v. County of Los Angeles, 92 F.4th 781, 812 (9th Cir. 2024).

Plaintiff's Complaint includes several allegations that, in aggregate, plausibly suggest a custom of failing to discipline sexual misconduct. Under a failure to discipline theory, a plaintiff must allege a practice that is so "persistent and widespread" that it constitutes a "permanent and well settled city policy." Trevino v. Gates, 99 F.3d 911, 918 (9th Cir. 1996) (citing Monell, 436 U.S. at 691). Here, Plaintiff Roe alleges that the Sheriff's Office failed to take any disciplinary action against Reynolds or refer him to criminal

5

investigation even after learning of his misconduct.  See Compl. at ¶¶ 28, 38.

Plaintiff also states that Sheriff Withrow was aware that "prior to Reynolds' misconduct . . . Reynolds had engaged in inappropriate conduct toward female employees and citizens, yet failed to take appropriate disciplinary or corrective action." Id. at ¶ 30.  Moreover, Reynolds "openly bragged" about how department officers backed each other against complaints by women.  Id. at ¶ 34.  Ultimately, senior officials resigned, citing this toxic culture.  Id. at ¶¶ 35, 32.

Contrary to what Defendant Withrow argues, these facts plausibly suggests that Sgt. Reynolds engaged in similar instances of problematic conduct that went unpunished.  See Hunter v. County of Sacramento, 652 F.3d 1225, 1233 (9th Cir. 2011).  At the pleading stage, plaintiff need not prove the existence of such a custom, but merely allege sufficient facts to make the claim plausible.  See Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011); see also AE ex rel. Hernandez v. County of Tulare, 666 F.3d 631, 637 (9th Cir. 2012).  Taking her allegations as true and drawing all reasonable inferences in her favor, Plaintiff Roe has successfully pled at least one theory of Monell liability for failure to discipline.  Accordingly, the Court finds that her claim survives the motion to dismiss stage and need not address Plaintiff's potential other theories.

2.   Statute of Limitations

Defendant also raises an argument that Plaintiff has not pled enough facts to show that her claims are not time-barred. See Mot. at 7.  Plaintiff responds that the allegations of her

6

Complaint adequately support that her claims are timely. See Opp'n at 2-3. The Court agrees with Plaintiff. Section 1983 claims are governed by the state statute of limitations for personal injury. Soto v. Sweetman, 882 F.3d 865, 871 (9th Cir. 2018). The California limitations period for personal injury is two years. See Cal. Civ. Proc. Code § 335.1. For minors, the statute is tolled until age 18 such that for a minor, the personal injury statute of limitations runs at age 20. See Cal. Code of Civil Proc. § 352.

The Complaint states that Reynolds' misconduct began in mid-2022, that Plaintiff was 16 at the time of the alleged sexual misconduct, and that she filed her lawsuit within less than two years of Plaintiff reaching age 18. Compl. at ¶¶ 6, 16, 17. Under these facts, the statute of limitations would run in 2026 when Plaintiff reaches age 20. Plaintiff filed her Complaint on April 10, 2025, well in advance of 2026. See ECF No. 1. As such, the Court finds that Plaintiff has pled sufficient facts to show that her claims are timely.

### III.  ORDER

For the reasons set forth above, the Court DENIES Defendant Sheriff Withrow's motion to dismiss Count 2 of the Complaint alleging Monell liability.

IT IS SO ORDERED.

Dated: July 30, 2025

JOHN A. MENDEZ
SENIOR UNITED STATES DISTRICT JUDGE